UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-60652-CIV-DIMITROULEAS/HUNT

DAVID RICHARD URBAN,

                    Plaintiff,

v.

SB 2028 LLC D/B/A
BELLA MONTE DELICATESSEN,
and KENNETH D. HINES,

                    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. 216(B), ECF No. 34.  The Honorable William P. Dimitrouleas referred this Motion to the undersigned for a report and recommendation.  ECF No. 35; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Upon thorough review of the record and the Motion, Response, and Reply, the argument of counsel at a hearing on the Motion, the applicable law, and the entire record, undersigned hereby RECOMMENDS Plaintiff's motion be GRANTED IN PART AND DENIED IN PART as set forth below.

## BACKGROUND

On April 21, 2024, Plaintiff filed suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), for unpaid overtime wages and liquidated damages.  On February 20, 2025, the parties filed a Joint Motion to Approve Settlement, ECF No. 29, which this

Court approved.  ECF No. 30.  Plaintiff now seeks an award of reasonable attorney's fees.  ECF No. 34.

## ANALYSIS

As an initial matter, it is undisputed that Plaintiff is entitled to reasonable attorney's fees and costs.  It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008).  In the instant case, Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. House. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299.  In addition to evidence presented by

the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotations omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A. Attorney's Fees

1. Reasonable Hourly Rate

Plaintiff seeks attorney's fees based upon professional services rendered. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The fee applicant bears the burden of establishing the claimed market rate.   The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Meyrowitz v. Brendel*, 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations and citations omitted).  Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney."  *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011), *subsequently aff'd*, 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered the attorney's affidavit and the twelve factors.  Because of their practice, reputation, and legal experience, counsel request, the following hourly rates:

- Elliot Kozolchyk, counsel in this case with over 15 years of experience, asks for $400 per hour for 39.6 hours of work.

- Dillon Cuthbertson, a first-year associate and co-counsel in this case, requests a rate of $300 for 16 hours of work.[1]

ECF. No. 34-1 at 6.

After the undersigned's order requiring notice of previously awarded fees and costs, Plaintiff's counsel provided relevant fee awards which indicate that Mr. Kozolchyk's proposed rate meets the rates previously awarded in the Southern District.

---

[1] Plaintiff's counsel maintains these hours represent an 8.1 percent reduction in the actual number of hours billed.

ECF No. 42.  The undersigned has previously recommended an award of $400 per hour for Mr. Kozolchyk, and recommends he receive the same rate here.

In that same Notice, counsel indicated that Mr. Cuthbertson had recently been awarded a rate of $250 per hour in this district.  The undersigned finds this previous award to be in keeping with rates commonly awarded in this district.  Therefore, it is recommended that Mr. Cuthbertson be awarded a rate of $250 per hour for his work on this case.

2.  Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

Plaintiff's counsel seeks compensation for 39.6 hours for Mr. Kozolchyk, and 16 hours for Mr. Cuthbertson.  Plaintiff provided a billing statement reflecting an 8.1 percent discount applied by Plaintiff's counsel.  ECF No. 34-1.  This discount is reflected in the total amount of fees sought—Plaintiff's counsel allege they incurred $22,460 in fees, but following the 8.1 percent discount, seek an award of $20,640.  *Id.*

Defendants contend Plaintiff's counsel billed for hours that were not reasonably incurred, in that counsel's actions needlessly increased the time spent in this case. ECF No. 36 at *1. Courts routinely find that "adjustments to . . . attorney hours are warranted [if] the time sought is 'excessive, redundant or otherwise unnecessary.'" *Nat'l All. for Accessibility, Inc. v. Hull Storey Retail Grp., LLC*, No. 3:10-CV-778-J-34JBT, 2012 WL 3853520, at *5 (M.D. Fla. June 28, 2012), *report and recommendation adopted*, No. 3:10-CV-778-J-34JBT, 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012). The undersigned has therefore examined Plaintiff's billing records to determine if a reduction in hours is appropriate.

The undersigned notes that the case underwent an unsuccessful mediation and settled roughly on the eve of trial. The Parties had submitted witness and exhibit lists, and Defendant had filed a Motion in Limine. No dispositive motions were filed. Plaintiff argues that extensive discovery was necessary due to Defendant's own defense of the case.

Having examined the billing records, the Court does indeed find that counsel's claimed hours are somewhat excessive, though not to the extent claimed by Defendant. The Court agrees with Defendant that there are instances of apparent double billing, in that Mr. Cuthbertson and Mr. Kozolchyk both charged for tasks that required only one attorney. Although this may have been the result of training a new associate, this is not the kind of work appropriate to consider in the fee-shifting context. Additionally, the Court observed several entries spent on tasks such as reviewing docket entries and other simple functions that, read together, appear excessive. This Court has previously denied counsels' requests to collect legal fees for work that consisted of coordinating schedules,

basic communications, and procedural matters usually performed by legal assistants, not lawyers.  *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009). Accordingly, these hours should be excluded.

"If the court concluded that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease."  *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Courts need not become "green-eyeshade accountants."  *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*  The undersigned finds an additional 10 percent across-the-board cut appropriate here.   Accordingly, Mr. Kozolchyk should be compensated for 35.6 hours of work, while Mr. Cuthbertson should be compensated for 14.4 hours of work.

### 3.  Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010

The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which

an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

In this case, the undersigned finds no reason to depart from the lodestar, calculation.  Therefore, Plaintiff should be awarded $14,240 for Mr. Kozolchyk (35.6 hours at $400 per hour), and $3,600 for Mr. Cuthbertson (14.4 hours at $250 per hour), for a total award of $17,840.[2]

---

[2] Plaintiff also asks this court to find that Plaintiff will be entitled to its additional fees and costs associated with collection of Plaintiff's fees.  The undersigned sees no need for a preemptive ruling on the issue, and recommends the Court deny Plaintiff's request.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. 216(B), ECF No. 34, be GRANTED IN PART to the extent that Plaintiff be awarded attorney's fees in the amount of $17,840, with post judgment interest accruing from the date the Court issues its Order.  The Motion should be otherwise DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district.  28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 13th day of January 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record